

Noelle B. Torrice
Continental Plaza II
411 Hackensack Avenue, Suite 305
Hackensack, New Jersey 07601-6323
Direct Dial: 302.442.7056
ntorrice@beneschlaw.com

April 24, 2024

**VIA CM/ECF**
The Honorable Evelyn Padin
United States District Court
 for the District of New Jersey
Martin Luther King Jr. Federal Building
 & U.S. Courthouse
50 Walnut Street
Courtroom 4C
Newark, NJ 07101

   Re: *Immanuel Johnson, et al. v. Times Internet Limited*
     District of New Jersey Case No. 24-cv-04350-EP-MAH
     Request for Pre-Motion Conference

Dear Judge Padin:

  This firm represents Defendant Times Internet Limited ("TIL") in the above-captioned matter. Per Rule II.E.i of Your Honor's General Pretrial and Trial Procedures, TIL hereby requests a pre-motion conference in advance of filing a motion to dismiss Plaintiffs Immanuel Johnson and Aniirudh Ramesh's ("Plaintiffs") Complaint.

## I. Bases for the Anticipated Motion to Dismiss[1]

  Cricbuzz is one of the business divisions of Defendant Times Internet Limited ("TIL"). Cricbuzz is an Indian cricket news website that features news, articles, and live coverage of cricket matches including text commentary, player stats, and team rankings. Plaintiffs allege that TIL violates the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, by using the CleverTap Software Development Kit ("SDK") in Cricbuzz's mobile applications. The SDK allows CleverTap users to integrate the tool into their applications to facilitate their analytics.

  Plaintiffs effected improper service, attempting to serve the summons and complaint on Times Internet, **Inc.**, a subsidiary of TIL, but not on TIL itself, and were issued a notice of rejection by mail. For this reason, the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure Rule 12(b)(5). The Court also lacks personal jurisdiction over TIL and must dismiss pursuant to FRCP 12(b)(2) because TIL is a foreign company and Plaintiffs fail to allege facts supporting general or specific jurisdiction over it in New Jersey.

---

[1] TIL neither waives service nor submits to the jurisdiction of this Court. *See* General Pretrial and Trial Procedures II.E.i. TIL preserves all additional defenses, including lack of subject-matter jurisdiction pursuant to FRCP 12(b)(1) and failure to state a claim pursuant to FRCP 12(b)(6).

### a. Plaintiffs did not Serve the Complaint on TIL.

Under Federal Rule of Civil Procedure 12(b)(5), a district court must dismiss a complaint in its entirety if a plaintiff effects insufficient service of process upon the defendant. *See* Fed. R. Civ. P. 12(b)(5). A signed return of service generally creates a rebuttable presumption that service was validly performed. *See Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 514 n.5 (3d Cir. 1971). However, a party may refute the presumption of valid service with sufficient evidence that service was not proper, *see Babayoff v. Hazlet Manor Assocs.*, 2023 WL 1813489 at *2 (3d Cir. Feb. 8, 2023), in which case "[t]he party asserting the validity of service bears the burden of proof on that issue." *Id.*; *see also Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993).

Plaintiffs never served TIL. Rather, they attempted to serve Times Internet ***Inc.***—a foreign company based in India—through Capitol Service Inc. ("Capitol"), Times Internet ***Inc.***'s agent for service of process. The Summons lists Times Internet ***Inc.***'s international office address: 2500 Plaza 5, Harbourside Financial Center, Jersey City, New Jersey 07311. ECF No. 1–2. This is the only summons that has been issued, and it makes no reference to ***TIL***'s offices. Pursuant to Rule II.E.i., we proffer to the Court that Yvette Cleveland, Associate General Counsel for Capitol has executed a declaration confirming the erroneous service and attaching a copy of the rejection notice that was mailed to Plaintiffs' counsel the same day that service was attempted: April 3, 2024.

Service of process for corporate entities outside the United States, such as TIL, is governed by Fed. R. Civ. P. 4(f) and 4(h)(2). FRCP 4(h)(2) states that a foreign corporation must be served in any manner prescribed by Rule 4(f) for serving an individual, except for personal delivery under FRCP 4(f)(2)(C)(i). Plaintiffs have not availed themselves of these options. Instead, they served the incorrect entity (Times Internet ***Inc.***), but represented on their Proof of Service that the intended defendant (TIL) was served. *See* ECF No. 1–3. At best, this is a mistaken attempt at service; at worst, it is a deliberate misrepresentation to the Court. Either way, Plaintiffs' attempt at service does not satisfy the requirements of FRCP 4(h). Accordingly, the Complaint must be dismissed.

### b. The Court Lacks Personal Jurisdiction over TIL.

The Fourteenth Amendment's Due Process Clause mandates that to exercise personal jurisdiction, plaintiff must show that defendant, as a non-resident, has certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (cleaned up). "Federal courts have recognized two types of personal jurisdiction which comport with these due process principles: general and specific jurisdiction." *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (3d Cir. 2008). The Complaint alleges neither.

#### i. Plaintiffs' Basis for General Jurisdiction is Incorrect.

Plaintiffs erroneously assert that this Court has general jurisdiction over TIL because allegedly its "United States headquarters is in New Jersey." Compl. ¶ 121. This is incorrect. Times Internet ***Inc.*** is a foreign corporation with an office in New Jersey, while Defendant TIL is an India-based company with no office in the United States. Pursuant to Rule II.E.i., we proffer to the Court that a declaration by a TIL executive can be presented attesting to this information.

Only in extraordinary cases, where contacts are "so constant and pervasive 'as to render [a defendant] essentially at home in the forum State,'" may a court exercise general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quoting Goodyear, 564 U.S. at 919); *see also Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773, 1780 (2017). Indeed, the Supreme Court has long held that a corporate defendant is at home in its "place of incorporation and principal place of business." *Daimler AG*, 571 U.S. at 137–38 and n.19.

TIL is neither incorporated in New Jersey nor has its principal place of business here. The Complaint lacks any allegations to contend that this is an exceptional case or that TIL has continuous and systematic contacts that would render it at home in New Jersey. Consequently, the Court cannot exercise general personal jurisdiction.

### ii. Plaintiffs Do Not and Cannot Establish Specific Jurisdiction

To prove specific jurisdiction: 1) "the plaintiff must show that the defendant has 'purposefully directed [its] activities' at the forum;" 2) "the litigation must 'arise out of or relate' to at least one of those activities;" and 3) "If these two requirements are met, the court then considers whether the exercise of jurisdiction would 'comport with fair play and substantial justice.'" *Corigliano v. Classic Motor, Inc.*, 611 F. App'x 77, 79–80 (3d Cir. 2015) (cleaned up). Plaintiffs here plead no facts to satisfy these requirements.

Nothing in the Complaint suggests that the Cricbuzz application directly targeted New Jersey, or that TIL knowingly interacted with New Jersey residents through it. *See id.* at 80; *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003); *accord Briskin v. Shopify, Inc.*, 87 F.4th 404, 409 (9th Cir. 2023). Nor is Plaintiffs' failure saved by Times Internet *Inc.*'s New Jersey office: "The mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is sole owner of the subsidiary." *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 301 (3d Cir. 2008) (internal citations omitted).

**II.    Conclusion**

For these reasons, TIL intends to move to dismiss Plaintiffs' Complaint.

Respectfully Submitted,

BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP

Noelle B. Torrice (NJ Bar No. 079132013)

cc:    Yitzchak Kopel (ykopel@bursor.com)
       Max S. Roberts (mroberts@bursor.com)
       Victoria X. Zhou (vzhou@bursor.com)
       Kevin M. Capuzzi (kcapuzzi@beneschlaw.com)