**Benesch**

Noelle B. Torrice
Continental Plaza II
411 Hackensack Avenue, Suite 305
Hackensack, New Jersey 07601-6323
Direct Dial: 302.442.7056
ntorrice@beneschlaw.com

June 17, 2024

**VIA CM/ECF**
The Honorable Evelyn Padin
United States District Court
 for the District of New Jersey
Martin Luther King Jr. Federal Building
 & U.S. Courthouse
50 Walnut Street
Courtroom 4C
Newark, NJ 07101

    Re:    *Immanuel Johnson, et al. v. Times Internet Limited*
            District of New Jersey Case No. 24-cv-04350-EP-MAH
            Request for Pre-Motion Conference

Dear Judge Padin:

       This firm represents Defendant Times Internet Limited ("TIL") in the above-captioned matter. Per Rule II.E.i of Your Honor's General Pretrial and Trial Procedures, TIL hereby requests a pre-motion conference in advance of filing a motion to dismiss Plaintiffs Immanuel Johnson and Aniirudh Ramesh's ("Plaintiffs") First Amended Complaint ("FAC").

       Plaintiffs initiated this case on March 28, 2024, against Defendant Times Internet Limited ("TIL"). Plaintiffs effected improper service, attempting to serve the summons and complaint on Times Internet, **Inc.** ("TII"), a subsidiary of TIL, but not on TIL itself, and were issued a notice of rejection by mail. TIL proceeded to file a Request for Pre-Motion Conference on April 24, 2024 laying out the many bases for dismissing this case, including insufficient service of process, and lack of personal jurisdiction. Plaintiffs, seemingly recognizing their error, filed the FAC on May 14, 2024, adding TII as a codefendant. However, Plaintiffs have once again effected improper service.

    **I.**    **Bases for the Anticipated Motion to Dismiss[1]**

       Cricbuzz is one of TIL's business divisions. Cricbuzz is an Indian cricket news website that features news, articles, and live coverage of cricket matches including text commentary, player stats, and team rankings. Plaintiffs allege that TIL and TII violate the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, by using the CleverTap Software Development Kit ("SDK") in Cricbuzz's mobile applications. The SDK allows CleverTap users to integrate the tool into their applications to facilitate their analytics.

       Plaintiffs effected improper service, attempting to serve the summons and FAC on both TIL and TII by serving them at a residence in California. For this reason, the FAC should be dismissed pursuant to Federal Rule of Civil Procedure Rule 12(b)(5). The Court also lacks personal

---

[1] TIL neither waives service nor submits to the jurisdiction of this Court. *See* General Pretrial and Trial Procedures II.E.i. TIL preserves all additional defenses, including lack of subject-matter jurisdiction pursuant to FRCP 12(b)(1) and failure to state a claim pursuant to FRCP 12(b)(6).

jurisdiction over TIL and must dismiss pursuant to FRCP 12(b)(2) because TIL is a foreign company and Plaintiffs fail to allege facts supporting general or specific jurisdiction over it in New Jersey.

### a. Plaintiffs Improperly and Incorrectly Attempted to Serve the FAC on TII.

Under Federal Rule of Civil Procedure 12(b)(5), a district court must dismiss a complaint in its entirety if a plaintiff effects insufficient service of process upon the defendant. *See* Fed. R. Civ. P. 12(b)(5). A signed return of service generally creates a rebuttable presumption that service was validly performed. *See Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 514 n.5 (3d Cir. 1971). However, a party may refute the presumption of valid service with sufficient evidence that service was not proper, *see Babayoff v. Hazlet Manor Assocs.*, 2023 WL 1813489 at *2 (3d Cir. Feb. 8, 2023), in which case "[t]he party asserting the validity of service bears the burden of proof on that issue." *Id.*; *see also Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993).

In their newest round of misguided attempts, Plaintiffs attempted to serve TII through personal service on Mr. Satyan Gajwani, who they assert is CEO of TII. *See* ECF No. 9. However, the FAC does not allege a single fact to connect TII and cricbuzz.com.[2]

Moreover, Plaintiffs' own filed Proof of Service, ECF No. 9, shows their error. The form itself mirrors Rule 4(h) of the Federal Rules of Civil Procedure laying out how to serve a corporation, namely: "By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing, by first-class mail, postage prepaid, a copy to the defendant." The papers were served outside of business hours at 7:39 pm at a private residence on the other side of the country from TII's office, and were not mailed to TII. For this additional reason, service was improper. Accordingly, the FAC must be dismissed as to TII.

### b. Plaintiffs Improperly Served the FAC on TIL.

Plaintiffs still have not properly served TIL, a foreign corporation with its corporate office in India. *See* FAC ¶ 14. The Summons attached to the FAC lists Times Internet *Inc.*'s international office address: 2500 Plaza 5, Harbourside Financial Center, Jersey City, New Jersey 07311. ECF No. 7, and neither it nor the Summons subsequently issued by the Court make any reference to ***TIL***'s offices. *See* ECF No. 8. To the extent that Plaintiffs sought to indirectly serve TIL through TII (which is belayed by their simultaneous attempt to serve TIL), this attempt fails because "[i]n New Jersey, such service is not effective." *Gapanovich v. Komori Corp.*, 605 A.2d 1120, 1123 (N.J. Super. Ct. App. Div. 1992).[3]

Service of process for foreign entities outside the United States, such as TIL, is governed by Fed. R. Civ. P. 4(f) and 4(h)(2).[4] FRCP 4(h)(2) states that a foreign corporation must be served in any manner prescribed by Rule 4(f) for serving an individual, except for personal delivery under

---

[2] The FAC makes the bare assertion that TII "controls the U.S. operations of the Cricbuzz App," FAC ¶ 120, but "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] It also fails for the same reasons that service upon TII was improper. *See supra*, § I.a.

[4] The FAC demonstrates repeatedly that Plaintiffs know that TIL is a foreign entity based in India: *see, e.g.,* FAC ¶¶ 13 ("TIL lists itself as the contact office on the Cricbuzz website [at an India address]"); 14 (listing TIL's corporate office address in India); 119 (TIL "is a foreign corporation"); 125 (TIL is a "foreign corporation").

FRCP 4(f)(2)(C)(i). Plaintiffs have not availed themselves of these options. Instead, they attempted personal service on Mr. Gajwani. *See* ECF No. 10. Plaintiffs' attempt at service does not satisfy the requirements of FRCP 4(h). Accordingly, the FAC must be dismissed as to TIL.

### c. The Court Lacks Personal Jurisdiction over TIL.

The Fourteenth Amendment's Due Process Clause mandates that to exercise personal jurisdiction, plaintiff must show that defendant, as a non-resident, has certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (cleaned up). "Federal courts have recognized two types of personal jurisdiction which comport with these due process principles: general and specific jurisdiction." *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (3d Cir. 2008). The FAC alleges neither.

Whereas in their original Complaint, Plaintiffs incorrectly alleged that the Court had general jurisdiction over TIL, ECF No. 1 at ¶ 121, in the FAC, they recognize their error and remove the assertion. However, they do not and cannot establish specific jurisdiction.

To prove specific jurisdiction: 1) "the plaintiff must show that the defendant has 'purposefully directed [its] activities' at the forum;" 2) "the litigation must 'arise out of or relate' to at least one of those activities;" and 3) "If these two requirements are met, the court then considers whether the exercise of jurisdiction would 'comport with fair play and substantial justice.'" *Corigliano v. Classic Motor, Inc.*, 611 F. App'x 77, 79–80 (3d Cir. 2015) (cleaned up). Plaintiffs here plead no facts to satisfy these requirements.

Nothing in the FAC suggests that the Cricbuzz application directly targeted New Jersey, or that TIL knowingly interacted with New Jersey residents through it. *See id.* at 80; *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003); *accord Briskin v. Shopify, Inc.*, 87 F.4th 404, 409 (9th Cir. 2023). Nor is Plaintiffs' failure saved by the FAC's summary assertion that "TIL's U.S. operations are conducted out of New Jersey and TIL controls the operations of TI, Inc., who is headquartered in New Jersey." FAC ¶ 123. "The mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is sole owner of the subsidiary." *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 301 (3d Cir. 2008) (internal citations omitted).

### II. Conclusion

For these reasons, TIL intends to move to dismiss Plaintiffs' FAC.

Respectfully Submitted,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

*s/ Noelle B. Torrice*

Noelle B. Torrice

cc: Yitzchak Kopel (ykopel@bursor.com)
    Max S. Roberts (mroberts@bursor.com)
    Victoria X. Zhou (vzhou@bursor.com)
    Kevin M. Capuzzi (kcapuzzi@beneschlaw.com)